UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIM MARIE DONNARUMMA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:18cv381 (WWE) |
| | : |
| NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON THE MOTION FOR ORDER REVERSING COMMISSIONER'S DECISION, OR IN THE ALTERNATIVE, TO REMAND FOR A HEARING, AND MOTION FOR AN ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Kim Donnarumma challenges the denial of her application for Social Security disability benefits and requests reversal of the Commissioner's decision, or in the alternative a remand for a hearing. Defendant has filed a motion for an order affirming the decision of the Commissioner.

For the following reasons, the Court will deny the motion to reverse the Commissioner's decision and will grant the motion for an order affirming the Commissioner's decision.

**BACKGROUND**

The plaintiff has filed a joint statement of facts that details plaintiff's medical history. The Court incorporates herein the statement of facts setting forth plaintiff's medical history.

Plaintiff was born in 1966. As set forth in the joint statement of facts, plaintiff has had numerous illnesses and disorders, including, <u>inter alia</u>, right shoulder dysfunction with multiple injuries, obesity and carpal tunnel syndrome. She had

1

previously worked a series of part time and per diem jobs as a certified nursing assistant.

In a decision dated October 25, 2016, the Administrative Law Judge ("ALJ") denied plaintiff's request for disability benefits on the basis that plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P. The ALJ found that plaintiff retained "significant physical functioning," although she was unable to perform her past work as a certified nurse assistant. The ALJ found that she had residual functional capacity ("RFC") to perform at a light exertional level with certain limitations.

In making these determinations the ALJ cited to the medical record and considered the opinions of the medical providers. Specifically, the ALJ gave significant weight to plaintiff's treating physicians, Dr. Patrick Duffy and Dr. Michael Kaplan, who indicated that plaintiff retained the capacity for at least light duty or sedentary work.

The ALJ afforded partial weight to the opinion of independent medical evaluator Christopher Lena's opinion that plaintiff had not yet reached her maximum medical improvement; that she required further treatment and a gradual return to working activities; that she could not work light duty assignments due to her right shoulder limitations; and that she was restricted to no overhead lifting and no lifting greater than ten pounds.[1] The ALJ noted that Dr. Lena's findings were inconsistent with the less

---

[1] The ALJ and the parties' joint statement of facts all agree that Dr. Lena opined that plaintiff could not return to light duty work with regard to the right shoulder. However, the examination memorandum dated July 9, 2014 states: "I do believe that she is able to work light duty with regard to the right shoulder with restrictions of no overhead and no lifting greater than 10 pounds at this point in time."

restrictive assessments of treating physicians Duffy and Kaplan.

The ALJ afforded only partial weight to the State agency consultants on the basis that their findings were not consistent with the medical record as a whole and their status as non-treating physicians.

Finally, the ALJ gave little weight to Dr. Yacov Kogan, who opined that plaintiff "would be mildly limited in her abilities to sit, stand, walk, bend, lift, carry, reach, and perform fine finger manipulations." The ALJ explained that Dr. Kogan had only evaluated plaintiff once and was a non-treating source, and that his opinion was inconsistent with the medical record and his own examination findings, which indicated that plaintiff experienced "some giveaway weakness of the upper extremities and complained of experiencing tenderness as well."

The ALJ concluded that considering claimant's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council, which issued its denial on February 27, 2018.

## DISCUSSION

In reviewing a final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568 F.2d 1383, 1387 (D.C. Cir. 1977). A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir.

1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence"). "Substantial evidence" is less than a preponderance, but "more than a scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); see Yancey v. Apfel, 145 F.3d 106, 110 (2d Cir. 1998); Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). In so doing, the Court must "review the record as a whole." New York v. Sec'y of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).

The ALJ need not "reconcile every conflicting shred of medical testimony." Miles v. Harris, 645 F.2d 122, 124 (2d Cir.1981).

The regulations promulgated by the Commissioner establish a five-step analysis for evaluating disability claims. Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner considers if the claimant is, at present, working in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). If not, the Commissioner next considers if the claimant has a medically severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the severity requirement is met, the third inquiry is whether the impairment is listed in Appendix 1 of the regulations or is equal to a listed

impairment. 20 C.F.R. § 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1. If so, the disability is granted. If not, the fourth inquiry is to determine whether, despite the severe impairment, the claimant's residual functional capacity allows him or her to perform any past work. 20 C.F.R. § 416.920(a)(4)(iv). If a claimant demonstrates that no past work can be performed, it then becomes incumbent upon the Commissioner to come forward with evidence that substantial gainful alternative employment exists which the claimant has the residual functional capacity to perform. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner fails to come forward with such evidence, the claimant is entitled to disability benefits. Alston, 904 F.2d at 126.

When the reviewing court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," it may remand for the sole purpose of calculating benefits. Butts v. Barnhart, 399 F.3d 277, 385–86 (2d Cir. 2004). However, the reviewing court may remand the matter to allow the ALJ to further develop the record, make more specific findings, or clarify his or her rationale. See Grace v. Astrue, 2013 WL 4010271, at *14 (S.D.N.Y.); see also Butts, 399 F.3d at 385–86.

Plaintiff challenges the denial on the grounds that the ALJ erred in making the determination of the severity of her impairments; erred in evaluation of the physician statements and her descriptions of pain; failed to take into account all of her impairments in the RFC determination; and erred by concluding that plaintiff could perform jobs, such as a companion or ticket seller, which conflict with the RFC limitations.

5

Severity of Impairments

Plaintiff complains that the ALJ erred by finding that her carpal tunnel syndrome and obesity were not severe impairments. See 20 C.F. R. § 4040.1520(c).

Relevant to carpal tunnel syndrome, the ALJ noted that plaintiff complained of tingling and numbness in her hands, but that the medical record reflected that plaintiff had moderate neuropathies of the bilateral wrists but also had full grip strength at physical examinations. The record also indicated that she had normal finger movements and could use both hands to manipulate. The Court finds that substantial evidence supports the ALJ's determination of that plaintiff's carpal tunnel syndrome was not a severe impairment.

Relevant to obesity, plaintiff maintains that her obesity plays a role in osteoarthritic and degenerative conditions. However, plaintiff has not demonstrated how the medical record reflects that her obesity significantly limits her ability to perform basic work activities. Accordingly, the Court cannot find that the ALJ erred in consideration of plaintiff's obesity.

Evaluation of Physician Statement

Plaintiff argues that the ALJ erred in evaluating statements from the medical notes of Drs. Duffy, Kaplan, and Lena. She asserts that Dr. Duffy's statements from 2014 are confusing because they indicate that plaintiff is capable of light work and sedentary work, without any specification as the type or duration of work. She maintains that Dr. Kaplan's statements about plaintiff being on light duty capacity do not constitute opinions about her impairments or her RFC. As to Dr. Lena, she claims that

6

the ALJ improperly ignored his opinion regarding her condition and limitations.

The ALJ is entitled weigh all of the evidence available to make an RFC finding consistent with the record. In evaluating the evidence, the ALJ must resolve evidentiary conflicts. Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). "The relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence;" there is no basis for remand where the ALJ's analysis "affords an adequate basis for meaningful judicial review." Cichocki v. Astrue, 729 F.3d 172, 177-78 (2d Cir. 2013); see Mullings v. Colvin, 2014 WL 6632483, at *14 (E.D.N.Y. 2014) (ALJ must articulate specific reasons for weight given to plaintiff's treating physicians and develop record as necessary to accord proper weight to medical opinions). The ALJ must properly analyze the reasons that the report is rejected; an ALJ cannot arbitrarily substitute his or her own judgment for competent medical opinion. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).

Here, the ALJ explained the reasons for the assignment of weight afforded to the statements and opinions reflected in the notes of each physician. The ALJ's RFC determination is supported by substantial evidence in the record. Accordingly, the Court finds that the ALJ did not err in the determination of an RFC that reflects substantial evidence in the record.

Plaintiff's Statements about Pain

In determining the RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but the ALJ may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record. Urena

7

v. Commissioner of Social Security, 2019 WL 2113055, at *6 (S.D.N.Y. May 15, 2019). The ALJ's opinion reflects consideration of plaintiff's conditions and her reports of pain. However, the ALJ found that the medical record did not substantiate all of plaintiff's claimed limitations in light of statements in the physician notes and plaintiff's own activities, indicating a less limited functional capacity. The Court cannot find error in the ALJ's assessment of plaintiff's credibility.

Failure to Include Impairments in RFC

Plaintiff argues that the ALJ's RFC erroneously excluded plaintiff's limitations in using her hands for fine and gross manipulation, including fingering, handling, and feeling and reaching from the core. Plaintiff maintains that her case should be remanded so that the ALJ can include these undisputed hand and arm limitations to the RFC.

The ALJ found that plaintiff had the RFC to perform light work with the following limitations:

> [T]he claimant requires a sit/stand option where the claimant is allowed to stand for up to 10 minutes after every 20 minutes of standing. The claimant's walking would be limited additionally in that she cannot walk more than 10 minutes at a time without having the option of either sitting or standing for up to 5 minutes. Also, the claimant cannot walk more than 4 hours per workday. The claimant can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently balance. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can never reach overhead with the right arm.

The ALJ explained that plaintiff's subjective complaints of pain and limitations had been considered in formulating the RFC. The ALJ elaborated that "the record showed that the claimant experienced some tenderness and a partially reduced range

8

of motion from her multiple right rotator cuff tears but also showed the claimant's condition partially improved with treatments and showed she retained significant strength of the right upper extremity."   The ALJ recognized that "due to claimant's complaints of difficulty reaching overhead and physical examination findings of a reduced range of motion, the record supports a limitation that the claimant can never reach overhead with the right arm."

The ALJ's failure to provide for limitations regarding plaintiff's hand and arm capacity are supported by substantial evidence in the medical record, including the treatment notes of plaintiff's treating physician, Dr. Duffy.   Accordingly, the Court finds the ALJ's RFC--which does not include all of the limitations plaintiff asserts as necessary--is supported by substantial evidence.

<u>Inconsistency between RFC and Finding of Occupational Capacity</u>

Plaintiff challenges the ALJ's findings based on the vocational expert testimony that plaintiff could work as a companion or as a ticket seller, which require reaching, handling and fingering according to the Department of Labor's Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("DOT").

The ALJ must rely primarily on the Department of Labor Dictionary of Titles for information about the "requirements of work in the national economy" but may also elicit testimony from a vocational expert to resolve complex vocational issues.   <u>James v. Commissioner of Social Security</u>, 2019 WL 634673, at 4-5 (N.D.N.Y. 2019).   The ALJ has an "independent, affirmative obligation" to undertake "a meaningful investigatory effort" to identify and reconcile apparent conflicts between the information reflected in

the DOT the testimony given by a vocational expert.  Lockwood v. Commissioner of Social Security, 914 F.3d 87, 93-95 (2d Cir. 2019).  An ALJ resolves such conflict by determining if the explanation given is reasonable and provides a basis for relying on the testimony rather than on the DOT information.  Inoa v. Berryhill, 2019 WL 1407487, at 4.  An ALJ's failure to engage in this inquiry and reconciliation can constitute grounds for remand.  Lockwood, 914 F.3d at 94.

In this instance, the ALJ noted that the inconsistency between the occupational requirements presented by the Department of Labor publications and the vocational expert's testimony regarding plaintiff's capacity to work as a companion or a ticket seller with her RFC limitations.  The vocational expert indicated that he had surveyed work and labor markets over the last 15 years and had found that performance of these jobs did not require all the capacities indicated in the DOT.  The ALJ determined that this explanation was reasonable and provided a basis for relying on the vocational expert's testimony rather than the information contained in the DOT.  Accordingly, the ALJ engaged the proper inquiry into inconsistency presented by the vocational expert's testimony and appropriately reconciled that conflict.

Upon review of the record, the Court finds that the ALJ applied the correct legal standards, and that the decision is supported by substantial evidence.  The Court will deny plaintiff's motion to reverse the Commissioner's decision, and it will grant defendant's motion for an order affirming the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to reverse the decision

of the Commissioner [doc. 17] and GRANTS the Motion for an Order Affirming the decision of the Commissioner [doc.18].

The clerk is instructed to enter judgment in favor of defendant and to close this case.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge

Dated this 20th day of May 2019 at Bridgeport, Connecticut.